IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1667-B-BN |
| | § | |
| SOUTHERN HEALTH PARTNERS, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil rights action brought by Reginald Turner, a Kaufman County Jail inmate appearing *pro se*, against healthcare providers at the Kaufman County Jail. Plaintiff claims that Defendants denied him medical care for a toothache that he suffered on the weekend of March 7-9, 2014. *See* Dkt. No. 1 at 4. Plaintiff seeks $500,000.00 in monetary damages. *See id.*

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis*. *See* Dkt. No. 2. The undersigned now concludes that Plaintiff should not be allowed to proceed *in forma pauperis* because, while incarcerated, he has filed at least three prior civil

actions that were dismissed as frivolous and he is not "under imminent danger of serious physical injury." Therefore, this action should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

## Legal Standards

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* To meet the "imminent danger" requirement of section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.* "Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Id.* "'General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).'" *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

## Analysis

Plaintiff has filed at least three civil actions while incarcerated that were dismissed as frivolous. *See Turner v. Kolarick*, No. 6:01-cv-439 (E.D. Tex. Jan. 18, 2002)

(dismissing action as frivolous; no appeal); *Turner v. Cherokee County Jail*, No. 6:03-cv-555 (E.D. Tex. April 26, 2004) (dismissing action as frivolous; no appeal); *Turner v. Anderson County Sheriff*, No. 6:05-cv-10 (E.D. Tex. April 18, 2005) (dismissing action as frivolous; no appeal). He makes no claim that he is under imminent danger of serious physical injury. Accordingly, Plaintiff should be barred from proceeding *in forma pauperis* under Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

Plaintiff's complaint should be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This dismissal should be without prejudice to Plaintiff's right to reopen the case if he pays the $350.00 filing fee and the $50.00 administrative fee within thirty days of dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 14, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE